IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RUBEN AGUIRRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-586 |
| | § | |
| GREENSPORT INDUSTRIAL PARK LP | § | |
| AND COMMERCIAL METALS CO., | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This case involves allegations by Plaintiff Ruben Aguirre ("Plaintiff") against Defendants Greensport Industrial Park LP ("Greensport") and Commercial Metals Co. ("CMC") (collectively "Defendants") for personal injuries suffered as a result of an automobile accident. Now before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction.[1] For the reasons articulated below, Defendants' Motion is **GRANTED** and Plaintiff's claims against these Defendants are **DISMISSED WITHOUT PREJUDICE**.[2]

**I. Background**

Plaintiff is a longshoreman who was employed by Gulf Stream Marine ("GSM") when he was injured on March 5, 2005. Plaintiff was working within the Greensport Terminal under the direction of CMC, the shipper of the cargo being unloaded. Plaintiff was injured during the

---

[1]The Motion to Dismiss was filed only be CMC. However, both Defendants filed a Joint Reply to Plaintiff's Response. Accordingly, the Court treats this Motion as one joined by all Defendants.

[2]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does authorize publication.

unloading of the M/V BULK PACIFIC when he was involved in an automobile collision between his personal vehicle and a yard hustler transporting discharged cargo. According to Plaintiff, he was *en route* from the vessel to CMC's warehouse to assist with identification and segregation of cargo. While approaching the warehouse, a yard hustler allegedly backed into his path from behind a stack of cargo. Plaintiff alleges that Greensport and CMC failed to provide adequate lighting, that CMC wrongfully directed cargo to be stacked in a manner that blocked Plaintiff's view, and prevented safe maneuver in and out of the warehouse. Plaintiff has alleged liability against CMC pursuant to 33 U.S.C. § 905(b) and has alleged state law negligence claims against Greensport. Defendants argue that Plaintiff has failed to assert a basis for federal subject matter jurisdiction, and the claims should be accordingly dismissed. Plaintiff obviously disagrees.

## II.  Legal Standard

District courts are powerless to exercise jurisdiction in excess of the limited jurisdiction statutorily conferred upon them by Congress. *See Margin v. Sea-Land Servs., Inc.,* 812 F.2d 973, 976 (5th Cir. 1987). A complaint filed by a plaintiff seeking to invoke the jurisdiction of a federal court must affirmatively state the grounds that give rise to the court's jurisdiction over the claims asserted. *See* Fed. R. Civ. P. 8(a). If the defendant subsequently challenges the plaintiff's stated basis for jurisdiction, the plaintiff bears the burden of establishing that jurisdiction indeed exists. *See Margin*, 812 F.2d at 976. A court's consideration of such jurisdictional disputes should, however, focus only on discerning "some discreet jurisdictional requisite," as indicated by the facts alleged in plaintiff's complaint; and the inquiry should not address the merits of a plaintiff's claim. *Green v. Ferrell*, 664 F.2d 1292, 1294 (5th Cir. 1982); *see also Grinter v. Petroleum Operation Support Serv., Inc.*, 846 F.2d 1006, 1008 (5th Cir. 1988).

## III.  Analysis

Plaintiff claims that this a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1333.  Specifically, he alleges that the Admiralty Extension Act provides this Court with admiralty jurisdiction over Plaintiff's injury and that such jurisdiction includes Plaintiff's claims brought pursuant to §§ 905(b) and 933 of the Longshore and Harbor Workers' Compensation Act ("LHWCA").  Plaintiff asserts that this Court has supplemental jurisdiction over any state law claims against Greensport.

Section 905(b) of the LHWCA states that "[i]n the event of injury to a person covered under [the LHWCA] caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party." 33 U.S.C. § 905(b).  Thus § 905(b) expressly creates a cause of action for longshoremen who allege to have been injured by a vessel.  The provision does not, however, act as an independent basis for admiralty and maritime jurisdiction over a longshoreman's claims.  *See Margin*, 812 F.2d at 975 (emphasizing that failure to state a claim under § 905(b) must be distinguished from lack of jurisdiction); *May v. Transworld Drilling Co.*, 786 F.2d 1261, 1263 (5th Cir. 1986) (explaining that whether a district court has jurisdiction to consider a ship yard worker's claims and whether the worker has alleged a cause of action under § 905(b) are separate and distinct inquiries); *Parker v South Louisiana Contractors, Inc.*, 537 F.2d 113, 118 (5th Cir. 1976) (highlighting that the passage of § 905(b) "neither expanded nor constricted" the boundaries of maritime jurisdiction; and likewise failed to create a new federal cause of action cognizable under federal-question jurisdiction).  Therefore, although § 905(b) may provide Plaintiff with a valid cause of action, he cannot employ § 905(b) as a vehicle for invoking the Court's admiralty and maritime jurisdiction.[3]

---

[3] Plaintiff thoroughly briefs his contentions that CMC qualifies as a "vessel" for purposes of his LHWCA claim pursuant to the definition of a "vessel" in 33 U.S.C. § 902(21).  However, analysis of those arguments is inappropriate at this time since it addresses the merits of Plaintiff's

Since the LHWCA does not provide an independent basis for jurisdiction, the Court's ability to sit in judgment of this case relies exclusively on the existence of admiralty and maritime jurisdiction. Article III of the United States Constitution provides in part that "[t]he judicial power of the United States shall extend . . . to all cases of admiralty and maritime jurisdiction." U.S. Const. art. III § 2, cl. 1. In order for such jurisdiction to exist, however, the wrong at issue must satisfy the "locality rule," that the injury ocurred on navigable waters. *See Executive Jet Aviation v. City of Cleveland*, 409 U.S. 249, 253, 93 S. Ct. 493, 497, 34 L. Ed. 2d 454 (1972) ("If the wrong occurred on navigable waters, the action is within admiralty jurisdiction; if the wrong occurred on land, it is not."); *May*, 786 F.2d at 1263 (finding that where plaintiff's "injury occurred on land in a shipyard, not even the first requirement of admiralty jurisdiction was met.") Here, Plaintiff admits that he suffered no injury on navigable water. Plaintiff is therefore unable to satisfy the "locality rule" and consequently, cannot invoke the Court's admiralty and maritime jurisdiction pursuant to Article III.

However, the Admiralty Extension Act ("AEA") extends the admiralty and maritime jurisdiction of the federal courts to "cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." 46 App. U.S.C. § 740. The Supreme Court carefully considered the AEA in *Gutierrez v. Waterman S.S. Corp.*, 373 U.S. 206, 83 S. Ct. 1185, 10 L. Ed. 2d 297 (1963), a case wherein a longshoreman sued a vessel owner for injuries he sustained after slipping on beans that had scattered about a dock. *See id.* at 207, 83 S. Ct. at 1186. The beans were dislodged from defective cargo containers while the containers were being unloaded from the defendant's vessel. *See id.* The Court

---

claims against the named Defendant and not the Court's jurisdiction. The Court, finding that it does not have subject matter jurisdiction over this case is unable to rule on such contentions. Even if CMC is a vessel for purposes of the LHWCA, as Plaintiff argues, such qualification, as noted above, does not confer jurisdiction on this Court. It merely provides Plaintiff with a viable cause of action.

deemed the longshoreman's allegations sufficient to invoke maritime jurisdiction under the AEA, holding that such jurisdiction exists "when it is alleged that the shipowner commits a tort while or before the ship is being unloaded, the impact of which is felt ashore at a time and place not remote of the wrongful act." *Id.* at 210, 83 S. Ct. at 1188.

The Supreme Court refined its *Gutierrez* holding in a later case, *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 92 S. Ct. 418, 30 L. Ed. 2d 383 (1971). In *Victory*, the Supreme Court was faced with the task of deciding whether to extend admiralty jurisdiction to encompass the claims of an individual who had sustained injuries while loading cargo on to a vessel with a forklift. *See id.* at 203, 92 S. Ct. at 326. The Court ultimately declined to apply the AEA, reasoning that state law traditionally governed accidents such as that with which the Court was faced. *See id.* at 211-12, 92 S. Ct. at 425. The Court distinguished *Gutierrez*, stating that "[t]he decision in *Gutierrez* turned, not on the 'function' of the [plaintiff], but, rather, upon the fact that his injury was caused by an appurtenance of a ship, the defective cargo containers . . ." *Id.* at 210-11, 92 S. Ct. at 424. The Court also implored lower courts to proceed with caution in dealing with the extension of admiralty jurisdiction under the AEA. *See id.* at 212, 92 S. Ct. at 425.

After interpreting the holdings in *Gutierrez* and *Victory*, the Fifth Circuit concluded that the AEA applies to a vessel and her appurtenances "and does not include those performing actions for the vessel." *Egorov, Puchinsky, Afanasiev & Juring v. Terriberry, Carroll & Yancey*, 183 F.3d 453, 456 (5th Cir. 1999). "The vessel or its defective appurtenance must be the proximate cause of the accident." *Margin*, 812 F.2d at 975. Accordingly, the Court must ask whether Plaintiff alleges that "a vessel or its defective appurtenance" proximately caused his injuries. For purposes of the AEA, "vessel" is defined by the Rules Construction Act as "every description of watercraft or other

artificial contrivance used, or capable of being used, as a means of transportation on water."[4]  1 U.S.C. § 3.  Here, Plaintiff alleges injury as the result of a motor vehicle accident.  Though the accident did occur during the unloading of a vessel, it was not caused by the vessel or any defective appurtenance thereof.  *See In re Nolty J. Theriot, Inc.*, 841 F.Supp. 209 (S.D. Tex. 1994).  Plaintiff points to poor lighting, negligent driving, and inappropriate container stacking in the yard as possible proximate causes of the accident.  None of these are the vessel or appurtenances thereto.  Accordingly, the AEA does not provide this Court with jurisdiction over this case.  There being no other basis for jurisdiction, the Court has no power to preside over this dispute.

**IV. Conclusion**

For the reasons outlined above, the Court determines that it does not have subject matter jurisdiction over this case.  Accordingly, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's claims against these Defendants are **DISMISSED WITHOUT PREJUDICE**.  All Parties are to bear their own costs, expenses, and attorneys's fees incurred herein to date.  A Final Judgment will be issued contemporaneously with this Order.

 **IT IS SO ORDERED**.

**DONE** this 7th day of February, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge

---

[4]The Court notes that the definition of vessel from the LHWCA is irrelevant to any analysis under the AEA.